UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN LARSON,<br><br>    Plaintiff,<br><br>v.<br><br>KOHL'S, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:22-cv-2691<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, ALLEN LARSON ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of KOHL'S, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq*., the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq*., as well as for Invasion of Privacy ("IOP") for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events and/or omissions giving rise to this action occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Cook County, Illinois, which is located within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant operates department stores and offers store credit cards to consumers throughout the United States. Defendant is a corporation organized under the laws of the state of Delaware, with its principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff previously obtained a line of credit through Defendant in order to purchase personal and household goods.

10. As a result of his physical disabilities, Plaintiff was rendered unable to work, causing him to fall behind on his monthly payments owed to Defendant, thus incurring debt ("subject debt").

11. For the last several months, Plaintiff has been receiving calls to his cellular phone, (708) XXX-3854, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3854. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has used various phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to (262) 704-9780.

14. Upon information and belief, the aforementioned phone number ending in -9780 is regularly utilized by Defendant during its debt collection activity.

15. Upon answering Defendant's phone calls, Plaintiff is often greeted by a pre-recorded and/or artificial message before he is connected with a live representative.

16. Upon speaking with Defendant, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

17. Plaintiff has notified Defendant's representatives that he did not have the means to make payment, and requested that Defendant stop calling him.

18. Plaintiff has even reiterated these requests during subsequent conversations, including in in early April 2022, but in spite of this explicit information, Defendant has placed at least 25 phone calls to Plaintiff's cellular phone through the present day.

19. Seeing no end to Defendant's harassing conduct, Plaintiff was forced to retain counsel, and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

20. Plaintiff has been unfairly treated and harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: the exacerbation of his physical and medical ailments, loss of sleep, stress, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of his telephone services, and diminished cellular phone capacity and functionality.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Claimant repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* an artificial *or* pre-recorded voice without their consent.

24. Defendant used pre-recorded and/or artificial messages when placing calls to Plaintiff's cellular phone. Upon answering Defendant's phone calls, Plaintiff was subjected to a pre-recorded and/or artificial messages prompting him to hold before he was connected with a representative.

25. Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular phone using pre-recorded and/or artificial messages without his consent. Any consent Claimant may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Claimant's demands that it cease contacting him.

26. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was notified, on numerous occasions, that its calls were unwanted. Armed with this knowledge, however, Defendant still willfully chose to continue its barrage of calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, ALLEN LARSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

30. Defendant's calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

31. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

32. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an automated system after Plaintiff had notified Defendant to stop calling. Yet, Defendant persisted with its calling campaign with the intent of harassing Plaintiff to extract payment from him. Defendant's continued conduct prompted Plaintiff to file this action.

33. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would return its calls. Moreover, Defendant intended that Plaintiff rely on its unfair and deceptive conduct. Defendant had repeatedly been notified of Plaintiff's demands that it cease calling him, and despite this explicit information, Defendant still proceeded with its harassing and unlawful conduct.

34. Plaintiff lacks a meaningful choice to go about avoiding Defendant's contacts, which places an unreasonable burden on Plaintiff to try and address Defendant's conduct. This further underscores the immoral, unethical, oppressive, and unscrupulous nature of Defendant's conduct which is contrary to public policy.

35. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

36. Defendant's conduct of placing incessant telephone calls to an individual without that individual's consent involves trade practices directed to the market generally and which otherwise implicate consumer protection concerns.

37. Plaintiff was the subject of Defendant's incessant and relentless efforts. The nature of Defendant's conduct in placing relentless phone calls after repeatedly being told to cease doing so encompasses behavior which impacted Plaintiff and which would similarly impact other consumers. Such conduct raises serious consumer protection concerns as entities such as Defendant must not be given free rein to harass consumers by placing excessive telephone calls and extracting money without consent. The relief requested below serves the interests of consumers by ensuring this pervasively unfair conduct is addressed.

38. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against

6

such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

39. As pled in paragraphs 19 through 21, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

40. An award of punitive damages is appropriate because intentionally and repeatedly bombarding Plaintiff's cellular phone after being told to stop is egregious conduct that is hallmark of outrageous, willful, and wanton behavior. Upon information and belief, Defendant regularly engages in the above-described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, ALLEN LARSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at hearing, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

f. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Defendant intentionally invaded Plaintiff's privacy through its barrage of dozens of unwanted automated phone calls to Plaintiff's cellular phone. This conduct was highly intrusive and invasive to Plaintiff, and thus, eliminated Plaintiff's right to privacy.

43. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted his overall focus, and continually frustrated and annoyed Plaintiff to the point where he was denied the ability to quietly live his life, instead having it upended by Defendant's harassing phone call campaign.

44. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in his home and/or any other location in which he would have normally brought his cellular phone.

45. By continuing to call Plaintiff in an attempt to coerce him into making payment, all while having knowledge that Plaintiff did not wish to receive any further communications, Defendant provided Plaintiff with no reasonable escape from its incessant conduct.

WHEREFORE, Plaintiff, ALLEN LARSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 20th day of May, 2022.                Respectfully Submitted,

                                                           */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)

(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Allen Larson*